ments, leased for life, years at will, or otherwise, shall any time be liable to be taken by virtue of any writ of fieri facias, or other process whatever, unless the party so taking the same shall, before the removal of the goods from such premises, pay or tender to the landlord or lessor thereof all money due for the rent of·said premises at the time of taking such goods or chattels in execution, whether the day of payment by the terms of the lease shall have come or not, provided the money due shall not amount to more than one year's rent." The supreme court of Mississippi in Stamps v. Gilman, 43 Miss. 456, decides that there is no lien per se for rent given by common law or under the statute, and Judge Bradley, in deciding the foregoing case in favor of the landlord's right of property, says: "This right of the landlord has been regarded as peculiarly entitled to priority, where by statute an execution creditor of the tenant is prohibited from removing the goods until he has paid the landlord's rent." Quoting Longstreth v. Pennock, 20 Wall. [87 U. S.] 575. "The supreme court," he says, "places special emphasis on this fact." The question decided in the case referred to, Longstreth v. Pennock, arose ·under the local law of Pennsylvania, which provided (Purd. Dig. 1873, p. 879) that, when property "is seized and sold under execution, the rent due, for a period not exceeding one year, shall be paid out of the proceeds of the sale." No such proviso as is contained in the foregoing is found in the Texas statute.

In the case of Austin v. O'Reilly [supra], the court further says: "In Mississippi, it is true, the landlord is obliged to sue out an attachment for the purpose of effecting a distress for rent, but when the attachment is sued out his rights are the same in effect as those of the landlord at common law. That they are founded on, and grow out of, those rights, is evident from the fact that he is not compelled to pursue his claim to the judgment like others creditors." Now, as the exact contrary of this is true of the Texas statute, where it is made the duty of a justice, when he issues a distress warrant, to issue a citation to the defendant, requiring him to answer before such justice, or before the court having proper jurisdiction, when the cause of action must be determined as in ordinary cases (vide section 4, art. 7418, Purd. Dig.), it follows that the common-law rule cannot be said to have any application.

Finally, it appears that neither by express language nor implication does the statute of Texas afford to the urban landlord the priority claimed in this case by the deposing creditor. The execution creditor of the tenant may lay hands upon his goods and remove them without being halted at the threshold by any perplexing and paramount authority, and even the rural landlord must proceed with his claim to judgment before he can satisfy his demand from the property he may have seized from the defaulting tenant. In respect to the equities between the landlord and other creditors having demands upon a bankrupt's estate, it has been said: "There is no good reason why the law should protect a landlord in the issuing of a distress warrant, and repudiate an equally meritorious creditor in the levy of an attachment." Morgan v. Hamilton, 22 Wall. [89 U. S.] 393.

MORRILL, District Judge. The act of the Texas legislature, approved April 4, 1874, repeals all former acts concerning rents, and is substituted therefor. The lien provided in the substituting act "applies only to animals, tools and other property furnished by the landlord to the tenant, and to the crop raised on such rented premises," and does not apply to anything else. We may, therefore, disregard all the state laws as inapplicable to the case under consideration, and refer solely to that part of the bankrupt law applicable. The sections 5091 and 5101 of the Revised Statutes are so full, plain and unequivocal as to be beyond comment. The decision of the register is approved.

---

## Case No. 11,945.

### The ROBINSON.

[See Case No. 6,128.]

---

ROBINSON (ALLIN v.). See Case No. 249.

ROBINSON (CARPENTER v.). See Case No. 2,431.

---

## Case No. 11,946.

### ROBINSON v. CATHCART.

[2 Cranch, C. C. 590.] [1]

Circuit Court, District of Columbia. June 4. 1825.

INJUNCTION — MOTION TO DISSOLVE — ANSWER — EQUITIES—VOLUNTARY CONVEYANCE—MISTAKE OF LAW—PENALTY—CONTRACTS.

1. Upon a motion to dissolve an injunction, an averment in the answer, not responsive to any allegation in the bill, is not per se evidence against the complainant.

2. An answer of the defendant, in order to be evidence in his favor, must be an answer to a fact averred in the bill, and not an answer to a mere inference of law.

[Cited in brief in Naglee's Estate, 52 Pa. St. 157.]

3. It is only between equal equities that the rule applies, "Prior in tempore, potior in jure."

[Cited in brief in McAlpin v. Henshaw, 6 Kan. 181.]

4. A voluntary conveyance is void as to subsequent purchasers for valuable consideration, even with notice.

5. When husband and wife are codefendants, service upon the husband alone is good service of the subpœna.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]